**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MARC RYAN SHIPLEY,** § | |
|     Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-23-CV-11-KC** |
| § | |
| **SANDRA HIJAR, Warden,** § | |
|     Respondents. § | |

## **MEMORANDUM OPINION AND ORDER**

Marc Ryan Shipley, Federal Prisoner Number 26103-208, challenges his convictions for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] He argues § 922(g)(1) was unconstitutional and he was denied due process at his trial. *Id.* at 6. But it appears from the face of his petition that he is not entitled to § 2241 relief. Therefore, his petition is dismissed.

## **BACKGROUND**

Shipley is a 39-year-old prisoner incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 26103-208) (last visited Jan. 16, 2022). His projected release date is December 30, 2023. *Id.* His place of confinement is in El Paso County, which is within the jurisdiction of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

On January 31, 2018, Shipley was convicted by a jury on three counts of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Shipley v. United States*, No. 16-CR-1061-BJR, 2020 WL 8641282, at *1 (D. Ariz. Nov. 3, 2020). He had

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

stipulated to the prior felony conviction, but argued "he believed his right to bear arms had been reinstated by a state court order." *Id*. at *2. He was sentenced to 96 months in prison on each count, to run concurrently, followed by three years of supervised release. *Id*. at 1. His convictions were affirmed by the Ninth Circuit Court of Appeals. *Id*.

Shipley filed a petition to vacate his sentence under 28 U.S.C. § 2255. *Id*. He observed the Supreme Court had recently held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that the Government must prove the defendant knew of the circumstance which prohibited him from possessing firearms and ammunition to obtain a conviction in a case prosecuted under 18 U.S.C. § 922(g). *Id*. He argued the new law announced in *Rehaif* supported his defense at trial that he did not know he illegally possessed the firearms and ammunition because he believed a state court had reinstated his right to bear arms. *Id.* at 2.

The trial court rejected Shipley's argument. *Id*. It explained the state court issued an order reinstating his civil rights on December 14, 2006. *Id*. It remarked this occurred "prior to the 2008 federal felony conviction relied on by the Government as the predicate felony element for the § 922(g) offense." *Id*. It also noted it "reviewed the transcript and minute entry from the state proceeding and found that Judge Bryson told [Shipley] he had no jurisdiction to restore [his] right to possess guns pursuant to federal law." *Id*. On reconsideration, the trial court added *Rehaif* did "not aid [Shipley] in the context of this argument because the Supreme Court did not change the generally accepted rule that a mistake of law is not a defense to criminal activity." *Shipley v. United States*, No. 16-CR-1061-BJR, 2021 WL 1733390, at *1 (D. Ariz. May 3, 2021).

The Ninth Circuit denied Shipley a certificate of appealability. *United States v. Shipley*, No. 20-17303, 2022 WL 5048282, at *1 (9th Cir. Mar. 29, 2022), *cert. denied*, 143 S. Ct. 392

(2022).

Shipley now asserts that in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), "18 U.S.C. § 922(g)(1) should be ruled unconstitutional" as applied to him, "a non-violent felon, that had his rights restored by the state." Pet'r's Pet., ECF No. 1 at 6. He also claims that his due process rights were violated when he was denied the opportunity to present a defense regarding "his actual innocence of the mens rea element of § 922(g)(1)." *Id*. at 8. He asks that the Court vacate his sentence and order his immediate release from prison. *Id*. at 9. He also asks that the Court grant him leave to file a supplemental brief in the next four to six months. Pet'r's Mot., ECF No. 2.

The Court observes that Shipley has failed to include the $5.00 filing fee or an application to proceed *in form pauperis* with his petition. It will waive the fee, however, in the interest of expediting the processing of his claims.

## APPLICABLE LAW

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

### A. 28 U.S.C. § 2241

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### B. 28 U.S.C. § 2255

By contrast, a motion to vacate pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' " *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

### C. Savings Clause

As a result, a federal prisoner who wants to challenge his conviction must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). But he may raise his claims in a § 2241 petition if they fall within the "savings clause" of § 2255(e). *Id.* Section

4

2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Case law establishes a petitioner must satisfy a two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the § 2255(e) savings clause test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." *Id.* at 903. The second prong requires a petitioner to show his "argument falls within the scope of, and is excluded by, a prior holding of a controlling case." *Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010). A petitioner must prove both prongs to obtain relief. *Padilla*, 416 F.3d at 426. Indeed, a § 2241 petition is not a mere substitute for a § 2255 motion, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

### D. 18 U.S.C. § 922(g)(1)

Shipley asserts that "18 U.S.C. § 922(g)(1) should be ruled unconstitutional" as applied to him in light of *Bruen.* Pet'r's Pet., ECF No. 1 at 6. He describes himself as a "non-violent felon"

5

who "had his rights restored by the state." *Id*.

The Fifth Circuit Court of Appeals has consistently upheld the constitutionality of 18 U.S.C. § 922(g)(1). In *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003), it observed "legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment." *Darrington*, 351 F.3d at 634. It accordingly held "Section 922(g)(1) [did] not violate the Second Amendment." *Id*. (citing *United States v. Emerson*, 270 F.3d 203, 226 n.21 (5th Cir. 2001)). In *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009), the Fifth Circuit considered whether *Darrington* survived the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which invalidated the District of Columbia's ban on individuals possessing handguns in their homes. It noted the *Heller* Court insisted that " 'nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.' " *Id.* at 352 & n.6 (quoting *Heller*, 554 U.S. at 626). As a result, it "reaffirm[ed] *Darrington* and the constitutionality of § 922(g)." *Id*. at 352. The following year, the Fifth Circuit explicitly reaffirmed *Darrington* and *Anderson* in *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010), and reiterated "that criminal prohibitions on felons (violent or nonviolent) possessing firearms" did not violate the Second Amendment. *Scroggins*, 599 F.3d at 451.

Shipley maintains *Bruen* now requires the Court to declare § 922(g)(1) unconstitutional—notwithstanding the long line of pre-*Bruen* Fifth Circuit cases upholding the constitutionality of § 922(g)(1) based on the "historically understood right to bear arms." Pet'r's Pet., ECF No. 1 at 6; *Darrington*, 351 F.3d at 634.

In *Bruen*, the Supreme Court held "when the Second Amendment's plain text covers an

individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2127. It explained the government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" to survive a challenge to its constitutionality. *Id*. Expanding on its earlier holding in *Heller* that the Second Amendment "protect[s] the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense," it specifically found the plain text of the Second Amendment likewise "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id*. at 2122. It therefore ruled New York's policy of issuing public-carry handgun licenses "only when an applicant demonstrates a special need for self-defense" violated the Second Amendment. *Bruen*, 142 S. Ct. at 2122. But Justice Kavanaugh reaffirmed "longstanding prohibitions on the possession of firearms" remain "presumptively lawful" notwithstanding the Court's decision. *Id*. at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626–27 & n.26). And Justice Alito noted that *Bruen* did not "disturb[ ] anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 2157 (Alito, J., concurring).

Based on this review of Fifth Circuit and Supreme Court precedent, the Court finds that § 922(g)(1) does not run afoul of the Second Amendment, the statute is constitutionally sound, and Shipley's claim is without merit. But the Court also notes that it is not permitted "decide whether *Bruen* abrogates the pre-*Bruen* Fifth Circuit cases upholding Section 922(g)(1)." *United States v. Jordan*, EP-22-CR-01140-DCG-1, 2023 WL 157789, at *7 (W.D. Tex. Jan. 11, 2023). This is because the Court is bound by those precedents, and it must leave it to the Fifth Circuit to decide whether its decisions survive *Bruen*. *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789 (5th Cir. 2021); *see also United States v. Connelly*, EP-22-CR-229-KC-2, 2022 WL 17829158, at *3

(W.D. Tex. Dec. 21, 2022) ("[T]his Court may not determine whether or how *Bruen* has changed Fifth Circuit precedents interpreting § 922; that question must be settled by the Fifth Circuit itself." (citing *Bonvillian*, 19 F.4th at 789)).

Consequently, the Court finds that Shipley cannot meet his burden of showing that a retroactively applicable Supreme Court decision establishes he may have been convicted of a nonexistent offense. *Reyes Requena* 243 F.3d at 904. Hence, the Court also finds he cannot show that he is entitled to relief from his convictions under the § 2255(e) savings clause or § 2241.

### E.  Due Process

Shipley also claims his due process rights were violated when he was denied the opportunity to present a defense regarding "his actual innocence of the mens rea element of § 922(g)(1)." Pet'r's Pet., ECF No. 1 at 8. He maintains "he did not know he was in a class of individuals prohibited from possessing firearms." *Id*.

Shipley unsuccessfully raised this claim in his § 2255 motion, which the sentencing court denied. *Shipley*, 2020 WL 8641282, at *2; *Shipley*, 2021 WL 1733390, at *1. His "prior unsuccessful § 2255 motion . . . does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). He cannot show he is entitled to relief on this claim under the § 2255(e) savings clause or § 2241.

## CONCLUSION AND ORDERS

The Court concludes that Shipley cannot satisfy the requirements of § 2255(e) savings clause test to proceed with his petition. *Reyes-Requena*, 243 F.3d at 904. It also concludes that he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion properly filed in the sentencing court. And that his claims are, therefore, not cognizable in this

Court in a § 2241 habeas corpus action. In other words, the Court concludes that Shipley's claims are not properly raised in a § 2241 petition brought in this Court. So, it finally concludes that it appears from the face of Shipley's petition that he is not entitled to § 2241 relief. It will accordingly enter the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that that Shipley's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, including his motion for leave to file a supplemental brief (ECF No. 2), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Shipley's petition may be construed as a second or successive motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 20th day of January, 2023.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**